**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JACKIE SPIDELLA, et al.,

                       Plaintiffs,

     - against -

CYNTHIA DONNELLY, et al.,

                       Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
CV 06-3463 (SJ) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Petitioner Cynthia Donnelly, on behalf of the Administration for Children's Services of the City of New York (the "Administration" or "ACS"), filed a petition for the extension of supervision of a child under the age of eighteen in the Family Court of the State of New York, County of Richmond, on June 14, 2006. *See* Docket Entry ("DE") 1 ("Notice of Removal"), Exhibit 1("Petition") ¶ 3.  On July 14, 2006, the child's parents Jackie Spidella and Matthew Spidella (collectively, the "Spidellas") filed a notice of removal pursuant to 28 U.S.C. § 1446 purporting to remove the case to this court on the basis of federal question jurisdiction. Specifically, the Spidellas asserted that ACS, by its application for an extension of supervision, has arbitrarily interfered with their parental rights in violation of "the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution."  Notice of Removal ¶ 1.  For the reasons set forth below, I find that the Spidellas have not satisfied their burden of establishing that this court has original jurisdiction and therefore order the action summarily remanded to the state court in which it was filed.

A. <u>Removal Procedures Generally</u>

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must "promptly" examine it. *Id*. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*.

Where, as in this case, a defendant relies on federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the source of the receiving court's purported original jurisdiction, it must satisfy the requirements of the well-pleaded complaint rule, which provides that "federal question jurisdiction exists where a federal cause of action appears on the face [of] a plaintiff's properly pleaded complaint." *Atanasio v. Brotherhood of Locomotive Engineers & Trainman*, 424 F. Supp.2d 476, 480 (E.D.N.Y. 2006) (citing *Caterpiller, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In other words, a defendant may remove an action to federal court only if the case, as pleaded by the plaintiff in the complaint, "could have originally been brought in federal court." *Id*. This rule "makes the plaintiff master of the claim" and enables it to "avoid federal jurisdiction by exclusive reliance on state law." *Hernandez v. Conriv Realty Assoc.*, 116 F.3d 35, 38 (2d Cir. 1997) (quoting *Caterpillar, Inc.*, 482 U.S. at 393).

B. <u>On The Existing Record Of This Case, Summary Remand Is Mandatory</u>

The well-pleaded complaint doctrine requires a remand in this case. The Spidellas cite both substantive and procedural reasons for seeking to remove to this court the Administration's petition to extend its supervision of their minor child. *See* Petition ¶ 3. Specifically, they claim that the proposed extension of ACS supervision constitutes an unconstitutional intrusion upon

their parental rights, that they were not given proper notice of the state court proceedings, and that the state court effectively granted the Administration's petition by adjourning the hearing – thereby depriving them of the opportunity to "clarify any factual disputes." Notice of Removal ¶¶ 16-23.

While the relationship between a parent and child is unquestionably protected under the United States Constitution, *Quilloin v. Walcott,* 434 U.S. 246, 255 (1978), it is equally clear that the petition the Spidellas seek to remove falls squarely in the realm of domestic relations, an area in which federal courts generally lack subject matter jurisdiction. As the Supreme Court long ago recognized, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 594 (1890) (quoted in *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990)). The reasons for such a division of responsibility, which are both numerous and compelling, include "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, [and] the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state." *Cashman v. Rosenberger*, 2005 WL 1331127, at *2 (N.D.N.Y. June 1, 2005) (quoting *Congleton v. Holy Cross Child Placement Agency*, 919 F.2d 1077, 1079 (5th Cir. 1990)).

The dispute between the Spidellas and ACS, involving as it does a state court's continued supervision over the welfare of a minor child, is one in which the state's interests are at its zenith and are most vulnerable to an "incompatible" decree by a federal court. More importantly, no matter how the state court resolves the dispute, there can be no question that a remand to a specialized state court with greater institutional competence in the subject and greater familiarity

with the dispute will best serve the interests of the Spidellas' minor child. More fundamentally, and regardless of whether a remand effectuates a sound policy decision, there is simply no federal question that is raised on the face of the Administration's "well-pleaded complaint." ACS seeks nothing more than an extension of supervision pursuant to the operation of state law. The fact that the Spidellas believe that the petition violates their substantive and procedural rights under the federal Constitution does not create jurisdiction in this court and therefore cannot support their notice of removal. *See Cashman*, 2005 WL 1331127, at *3.

Finally, having concluded that this case must be summarily remanded, there remains the question whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or if instead I may do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

<u>Conclusion</u>

For the reasons set forth above, I order that this be case remanded to the Family Court of the State of New York, Richmond County.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 24, 2006

                                              /s/ James Orenstein
                                              JAMES ORENSTEIN
                                              U.S. Magistrate Judge